BERNHARD GRUNHUT, Respondent, *against* LEO ROSEN-
STEIN, Appellant.

(Decided April 2d, 1877.)

Where the defendant had sent his wife and children to live with the plaintiff, and
had then demanded the children from his wife, who had (to the plaintiff's knowl-
edge) refused to deliver them up, and the defendant had thereafter sued out a
writ of *habeas corpus* for his children, and in those proceedings his attorneys had
agreed that until the termination of the proceedings the children should remain
in the custody of the wife. *Held*, that although the refusal to surrender the
children to the defendant would otherwise have prevented his liability for
necessaries supplied to them thereafter, yet his subsequent consent that they
should remain in the custody of the mother until the termination of the *habeas
corpus* proceedings continued his liability therefor to the plaintiff for necessaries
furnished them while in the custody of their mother until such proceedings were
terminated.

Where the defendant's children, who were living with their mother (the defendant's
wife), from whom he had separated himself, were of the ages of twelve, nine, and
eight years, and were in ordinary health and attended school daily, and the
defendant's wife was able to take care of them, had she chosen to do so, and the
defendant was a man of small means. *Held*, that under these circumstances, a
nurse for the children was not necessary, and that the plaintiff who had paid the
wages of such a nurse could not recover the same from the defendant.

APPEAL by the defendant from a judgment of the Third
District Court in New York City.

The action was brought by the plaintiff to recover from
the defendant the sum of $100 for necessaries alleged to
have been furnished by the plaintiff to, and at the request
of, the wife of the defendant, of which $22 was for medical at-
tendance and $78 for wages of a nurse.

The answer was a general denial.

The evidence in the case, as shown by the return of the
justices, was that the plaintiff was the brother of Mrs. Matilda
Rosenstein, the wife of the defendant; that on September
14th, 1875, the day Mrs. Matilda Rosenstein arrived from
Europe, the defendant made a communication to her in
writing, in which he informed her that on account of infor-

Grunhut v. Rosenstein.

mation he had received, that while residing in Germany she had been unfaithful to him, he refused to further live with her or recognize her as his wife until he was satisfied of the falsity of the charges; that he had determined not to separate himself from her except upon proof that she was guilty, and that for the purpose of obtaining definite information he had sent to Germany, and that until an answer to his letter was received he should continue to furnish her with such means for her support as he could afford, and that he desired her to go to the house of her father or brother, and reside with them until he was satisfied of her innocence of the charges made against her, or until her guilt was established.

That at this time she had with her the three children of the defendant and herself, aged respectively twelve, nine, and eight years; that on that or the following day she, accompanied by the three children, went to the house of plaintiff, where she remained until some time in April or May, 1876; that the defendant, having been advised that he was entitled to the care, custody, and control of his children, made arrangements to have them boarded and educated at a boarding-school in this city, and on or about the 16th of September, 1875, he notified his wife that he had made such arrangements, and that he should call at the house of the plaintiff on the 17th of September for the purpose of taking said children to school; that he called accordingly on said day and demanded the children, whereon she refused to give them up, and of these facts the plaintiff had notice.

That thereupon the defendant procured a writ of *habeas corpus* from the Supreme Court to obtain the custody of his children, and that the proceedings on the return of the writ having been adjourned the attorneys for the defendant signed a stipulation that until the termination of the *habeas corpus* proceedings, or until a demand should be made for their production, the children should remain in the custody of their mother, and that under this stipulation the children had remained in the custody of their mother until after the commencement of this action.

*Samuel Boardman*, for appellant.

VAN HOESEN, J.—If the defendant had not, subsequently to the time he demanded of his wife and the plaintiff the possession of the children, consented that the *status in quo* should be preserved during the *habeas corpus* proceedings, I should have no hesitation in saying that the plaintiff could not maintain this action; but, by consenting to preserve the *status in quo*, he agreed to continue the arrangement under which his wife and children were boarding and lodging with the plaintiff, and until the *habeas corpus* proceedings are terminated in some way, he will be liable to pay for necessaries for the children whilst in the custody of the mother. (*Gill* v. *Read*, 5 R. I. 343.)

A husband is not liable for money lent to his wife, unless his request be averred and shown (2 Kent, marg. p. 146, citing 7 Taunton, 432). In this case it appears that the payment of servants' wages by the plaintiff was nothing more than a loan of money or an advance to the wife. Furthermore, the evidence shows that a nurse was not necessary for the wife of the defendant or for the children. The children were twelve, nine, and eight years old; they went to school, were very regular in their attendance, and were in ordinary health; neither of them required a nurse, nor was a nurse employed in consequence of the bodily infirmities of the children; Mrs. Rosenstein was well able to take care of them, and the only excuse offered for the employment of a nurse is that Mrs. Rosenstein was frequently away from home of afternoons, looking after her lawsuit with her husband. During school hours the children were at school; and the plaintiff's claim is, I suppose, that a nurse was needed to receive the children on their return from school when the mother chose to be away from home. The nurse did not sleep on the same floor with the children, never knew they were ailing, and is not shown to have had any duties to perform with respect to them; what work she did whilst the children were at school is not shown, though from the fact that the plaintiff employed her, I think it not unfair to

Grunhut v. Rosenstein.

conclude that she was doing domestic service about the house. It would be doing no violence to the testimony to infer that the presence of Mrs. Rosenstein and her children in his house made it necessary for the plaintiff to employ an extra servant, who was styled the nurse, in order that the defendant might be called on to pay her wages. The defendant is a man of little or no means. There is a good deal of evidence in the case respecting a multitude of bills against the defendant which the plaintiff has presented. It seems that though the children were all the time well enough to go to school, the plaintiff has charged more than one hundred dollars per month for medical attendance upon them; not satisfied with this, a Dr. Elliot, who occupies the office with him, has also a bill for medical attendance. The plaintiff has presented other bills, making an average of nearly six hundred dollars per month, for board, lodging and medical attendance furnished Mrs. Rosenstein and the children. A husband and father is bound to furnish necessaries to his wife and children, but it is for the court to say what are and what are not necessaries. Under the circumstances of this case, I am satisfied that a nurse was not necessary. I waive observations respecting the *bona fides* of the plaintiff in his claims against the defendant.

The judgment should be modified by deducting $78, the amount of plaintiff's advances for nurse's wages, and, as modified, should be affirmed without costs of appeal.

CHARLES P. DALY, Ch. J., concurred; JOSEPH F. DALY, J., dissented.

Judgment modified in accordance with opinion, and, as modified, affirmed.